UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCMILLAN DATA COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICOM AUTOMATION SERVICES, INC., et al., <br><br> Defendants. | Case No. 14-cv-03127-JD <br><br> **ORDER REQUESTING BRIEFING ON FORUM NON CONVENIENS** |

This case is an effort by McMillan Data Communications to collect money that it claims it's owed by AmeriCom Automation Services and two individuals for work McMillan performed in renovating a federal building in San Francisco, California, pursuant to a subcontract with AmeriCom. McMillan filed suit in this Court on July 10, 2014. *See* Dkt. No. 1. None of the defendants appeared, and the clerk entered default against AmeriCom on August 19, 2014, *see* Dkt. No. 17, and against the other defendants on August 28, 2014, *see* Dkt. No. 23. On October 14, 2014, McMillan moved for default judgment. *See* Dkt. No. 27.

McMillan's subcontract with AmeriCom contains a forum-selection clause:

> This Agreement shall be governed by a construed in accordance with the laws of the State of New Mexico. Jurisdiction and venue for any dispute should be in 3rd Jurisdiction in the State of New Mexico.

Subcontract ¶ 10.2, Dkt. No. 27-3. The Court orders McMillan to explain why default should not be lifted and this action dismissed on *forum non conveniens* grounds in favor of New Mexico state court. As the Supreme Court has recently held, "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases," while "the plaintiff's choice of forum merits no weight." *Atlantic Marine Constr. Co. v. U.S. Dist. Court*, 134 S. Ct. 568, 581 (2013)

1  (alteration in original).  The subcontract between McMillan and AmeriCom contemplates that any
2  lawsuits arising under it -- like this one -- be brought in New Mexico's Third Judicial District
3  Court.  The Court is therefore inclined to lift the defaults and dismiss the case.  A motion by
4  defendants is not necessary to do so.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991);
5  *Seagal v. Vorderwuhlbecke*, 162 F. App'x 746, 748 (9th Cir. 2006).

6  If McMillan objects to the dismissal, it should file a statement of no more than five pages
7  explaining why by April 17, 2015.

8  **IT IS SO ORDERED.**

9  Dated: April 10, 2015

_____
JAMES DONATO
United States District Judge