UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCMILLAN DATA COMMUNICATIONS, INC., <br><br>Plaintiff, <br><br>v. <br><br>AMERICOM AUTOMATION SERVICES, INC., TRACI PELAYO, JUSTIN L. PELAYO, <br><br>Defendants. | Case No. 14-cv-03127-JD  (NC) <br><br>**ORDER TO SHOW CAUSE** <br><br>Re: Dkt. No. 27 |

Plaintiff McMillan Data Communciations seeks to collect money that it claims it is owed from defendants AmeriCom Automation Services, Traci Pelayo, and Justin L. Pelayo, in connection with three documents: a subcontract to renovate a federal building in San Francisco, a personal guarantee for that contract, and a subsequent promissory note for the debt incurred under the subcontract. McMillan filed suit with the district court on July 10, 2014, alleging breach of contract claims. Dkt. No. 1. None of the defendants appeared, and the clerk entered default against AmeriCom on August 19, 2014, Dkt. No. 17, and against Traci Pelayo and Justin Pelayo on August 28, 2014, Dkt. No. 23. On October 24, 2014, McMillan moved for default judgment. Dkt. No. 27.

**I. Debt Owed**

McMillan claims that $308,459.40 of its total work invoice remains unpaid. Dkt.

Case No.: 14-cv-03127-JD

1    No. 1 at 17.  The sum of McMillan's requested damages, however, totals $918,792.05:

2    $308,459.40 from AmeriCom, $308,459.40 from Traci Pelayo, and $301,873.25 from

3    Justin Pelayo (excluding prejudgment interest and attorney's fees and costs).

4        Because of the apparent discrepancy between established debt and damages

5    requested, the Court orders McMillan to show cause why it is entitled to triple the amount

6    owed.  Financial relief sought on default judgment is more likely to be considered

7    reasonable if "the operative purchase order supports [the relief requested]." *Triumph*

8    *Furniture Processings-Export Joint Stock Co. v. Everest Furniture Co.*, No. 13-cv-07129

9    NC, 2013 U.S. Dist. WL 9600372, at *5 (N.D. Cal. Aug. 29, 2013) (granting requested

10   damages because purchase order receipt supported the figure).  Here, an award of

11   $918,792.05 based on a maximum remaining debt of $308,459.40 would appear to result

12   in a windfall.

## II. Attorney's Fees

14       Additionally, McMillan requests $37,961.00 in attorney's fees and costs under the

15   subcontract and the promissory note, though the cost of pursuing this action was

16   $18,980.50.  Dkt. No. 27-1 at 21-22, Dkt. No. 27-4 at 4.  This also appears to be a

17   windfall.  Accordingly, the Court orders McMillan to show cause why it is entitled to

18   double its attorney's fees.

## III. Novation

20       Finally, McMillan must show cause why the promissory note issued by Justin

21   Pelayo and AmeriCom has not superseded prior payment agreements, including the

22   subcontract with AmeriCom and the personal guarantee signed by Traci Pelayo.  *See*

23   *Fanucchi & Limi Farms v. United Agri Products*, 414 F.3d 1075, 1084-85 (2005) (finding

24   novation where differences between new and old contract were drastically different and

25   parties' conduct indicated extinguishment and replacement of old contract); *Alexander v.*

26   *Angel*, 37 Cal. 2d 856, 861 (1951) (finding novation and not "mere assumption of a

27   preexisting obligation" where new contract had "entirely different method of payment,"

28   and added interest payment and acceleration clauses).

Case No.: 14-cv-03127-JD        2

1	Indeed, if the Court finds that the AmeriCom subcontract and Traci's personal guarantee were novated, it would only grant default judgment in part against Justin Pelayo and AmeriCom in the amount of $301,873.25 in damages, $18,980.50 in attorney's fees and costs, and $19,998.07 in prejudgment interest, for a total judgment of $340,851.82. If McMillan believes the Court should hold AmeriCom (under the subcontract) or Traci Pelayo (under the guarantee) liable with Justin Pelayo and AmeriCom (under the promissory note) for a certain amount, it must explain why and provide legal support.

McMillan must file its response to this order within 14 days. The response must not exceed 15 pages.

**IT IS SO ORDERED.**

Dated: June 3, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge